# IN THE COURT OF APPEALS OF IOWA

No. 20-0784
Filed October 21, 2020

**IN THE INTEREST OF E.W.,**
**Minor Child,**

**S.S., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Adam Hanson of Law Office of Adam Hanson, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney General, for appellee State.

ConGarry D. Williams of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her child.[1] The mother argues that the district court erred in terminating her parental rights pursuant to Iowa Code section 232.116(1)(h) (2020) because (1) the State failed to prove by clear and convincing evidence the child could not be returned to her care and (2) options other than termination were not explored. We review terminations of parental rights de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). "Our primary concern is the best interests of the child." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

We deem the mother's arguments waived for failure to cite to legal authority pursuant to Iowa Rules of Appellate Procedure 6.201(1)(d), .903(2)(g)(3), and .1401-Form 5.[2] Rule 6.1401-Form 5 specifically directs the brief to "include supporting legal authority for each issue raised, including authority contrary to [the] case, if known." The brief references only the section cited for termination. We affirm the juvenile court.

**AFFIRMED.**

---

[1] The father's parental rights were also terminated. He does not appeal.

[2] Even if legal authority had been cited, we would affirm the district court. The mother's initial argument focuses on her allegedly stable housing and employment. However, our review of the record reveals the mother's history of housing instability, including frequent relocations to live with relatives in Maryland resulting in extended periods of no contact with the child, and admitted financial instability. The mother also insisted her family in Maryland would create a safe and stable home for the child. However, the Iowa Department of Human Services caseworker assigned to this family testified at the termination trial that the maternal aunt in Maryland had not provided all the information necessary to complete the home study. We agree with the district court that termination of parental rights is in this child's best interests.